**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-00186 |
| | ) | |
| SIXTO ARELLANO-GARCIA | ) | Judge Trauger |

**AND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-00284 |
| | ) | |
| SIXTO ARELLANO-GARCIA | ) | Judge Trauger |

**AND**

| | | |
|---|---|---|
| SIXTO ARELLANO-GARCIA | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-00111 |
| | ) | |
| UNITED STATES | ) | Judge Trauger |

## <u>O R D E R</u>

The court has become aware of some docketing errors in the above-referenced cases that have potentially led to confusion on the part of the court and the defendant, Sixto Arellano.

Mr. Arellano was indicted in 2009 in two separate cases, Nos. 3:09-00186 (which involved drug-trafficking charges) and 3:09-00284 (involving two firearm charges—felon in possession of a firearm and illegal alien in possession of a firearm—and one charge of being a previously deported alien in the country without authorization). The drug-trafficking case was assigned to the undersigned while the firearm case was originally assigned to (then) Chief Judge Todd Campbell.

The drug-trafficking case, 3:09-00186, proceeded to a jury trial beginning on October 28, 2010, where Mr. Arellano was convicted on Counts 1 and 2 of the indictment. Thereafter, the case before Judge Campbell, 3:09-00284, was transferred to this court for entry of a guilty plea and consolidated sentencing on both cases at the same time. On February 18, 2011, Mr. Arellano was sentenced to imprisonment for 240 months as to Count 1 and 60 months as to Count 2 in 3:09-00186, to run consecutively, and 97 months as to each of Counts 1–3 in 3:09-00284, to run concurrently with each other and concurrently with the sentence in 3:09-00186, for a total term of imprisonment of 300 months, to be followed by concurrent 10-year terms of supervised release. (No. 3:09-00186, ECF No. 613; No. 3:09-00284, ECF No. 51.) Judgment in both cases was entered on February 23, 2011. (*Id.*)

Thereafter, the course of the cases diverged sharply again. Mr. Arellano did not pursue an appeal of the judgment in 3:09-00284, in which he had pleaded guilty, so the judgment became final in that case on March 9, 2011, fourteen days after judgment was entered. In 3:09-00186, the case that had gone to trial, Mr. Arellano did pursue an appeal. After the Sixth Circuit affirmed the verdict and sentence on October 23, 2012, *United States v. Arellano-Garcia*, 503 F. App'x 300 (6th Cir. Oct. 23, 2012), Mr. Arellano filed a timely petition for the writ of certiorari. The Supreme Court denied that petition on February 25, 2013. *Arellano-Garcia v. United States*, 133 S. Ct. 1480 (2013). The judgment in 3:09-00186 therefore became final on February 25, 2013.

Approximately six months later, in August 2013, Mr. Arellano submitted to the court a copy of a letter addressed to his defense counsel, which was docketed in both of his criminal cases. (No. 3:09-00186, ECF No. 735; No. 3:09-00284, ECF No. 56.) In this letter, the defendant asked his former defense counsel if he was still his attorney and whether he was "still going forward with the appeal 2255." The letter also noted that the defendant had not received a response to a letter to the attorney he had sent three months previously and specifically stated: "I

am still counting on you to help me with the appeal process. . . I need you to help me so that I may get a shorter sentence. 25 years is a very long time. . . ." (*Id.*) In other words, although the letter did not include a docket number on its face, it implicitly referred to 3:09-00186, the drug-trafficking case in which the 300-month sentence had been imposed. Because the letter was addressed to defense counsel and requested no action by the court, none was taken.

In September 2013, the defendant submitted another letter to the court, this time addressed to the undersigned. In this letter, Mr. Arellano notified the court that the defendant had unsuccessfully attempted to contact his defense attorney, that he intended to file a § 2255 motion, and that he needed copies of certain documents in order to do so: "The documents I am trying to obtain are the copies of my indictment, jury instructions, PSI, and copy of all related to the gun charge." (No. 3:09-00284, ECF No. 58.) Again, the letter did not include a docket number on its face. Through clerical errors, this letter was docketed in 3:09-00284 but not in 3:09-00186. (*Id.*, ECF No. 59.)

In the order addressing the letter, the court directed the clerk of court to forward to Mr. Arellano a blank form § 2255 motion, but also notified the defendant that, because his judgment in that case had become final in 2011, it was in all likelihood "too late to file a § 2255 motion in his case." (*Id.*) While this statement was correct with reference to 3:09-00284, the case in which the order was docketed, it was *not* correct with respect to 3:09-00186, in which the judgment did not become final until the Supreme Court denied the petition for a writ of certiorari on February 26, 2013.

It is reasonable to presume that Mr. Arellano was confused about which docket number pertained to which case and, therefore, that this statement misled Mr. Arellano regarding his rights with respect to 3:09-00186. On December 19, 2013, Mr. Arellano submitted to the court a notice that he had "fired" his attorney. This order included on its face the docket number 3:09-

00284, likely because the court's order had reflected that docket number. (ECF No. 59.) On December 23, 2013, Mr. Arellano filed a largely unintelligible "Notice of Fraud" in the same case. (ECF No. 60.) The court entered an order on January 17, 2014 directing the Clerk to open a new civil file under which to docket the "notice," construing the "notice" as a § 2255 motion challenging the plea agreement in 3:09-00284 and dismissing it as untimely. This order was docketed in 3:09-00284 (ECF No. 61) and in the new civil case, 3:14-cv-00111 (ECF No. 2). Mr. Arellano has now filed an objection to that order, which was docketed only in 3:09-00284 (ECF No. 62), in which he argues, correctly, that this action was inappropriate under *Castro v. United States*, 540 U.S. 375 (2003).[1]

The defendant's intentions with respect to 3:09-00284 remain unclear. It is apparent, however, based on his previous letters to counsel and to the court, that Mr. Arellano intended to file a timely § 2255 motion with respect to the conviction and sentence in 3:09-00186 and that he likely was deterred from filing that motion by the court's statement (in 3:09-00284) that it was probably too late to do so. Accordingly, in order to take corrective action in both cases, the court hereby orders as follows:

(1) The Clerk is **DIRECTED** to docket the September 2013 letter to the court from Mr.

---

[1] In *Castro*, the Supreme Court stated that a district court should not recharacterize as a § 2255 motion a *pro se* litigant's motion that is not labeled as such, without first "inform[ing] the litigant of its intent to recharacterize, warn[ing] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provid[ing] the litigant with an opportunity to withdraw, or to amend, the filing." *Id.* at 377. The actual holding in *Castro* is that where a *pro se* motion not labeled as such is recharacterized as a § 2255 motion and these warnings are not given, then the "recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision." *Castro*, 540 U.S. at 377. In the wake of *Castro*, the Sixth Circuit has held that it is error to recharacterize a differently labeled motion as a habeas petition and to dismiss it as untimely without giving the warnings required by *Castro*. *See Foster v. Warden*, 522 F. App'x 319, 321 (6th Cir. 2013) (quoting *Gooden v. United States*, 627 F.3d 846, 849 (11th Cir. 2010) ("In light of *Castro*'s unqualified holding, we hold that a district court must provide the requisite notice and warning mandated by *Castro*, even where the court determines that the re-characterized motion is untimely.").

Arellano (presently docketed in 3:09-00284 at ECF No. 58), in 3:09-00186 as well, *nunc pro tunc*.

(2) Mr. Arellano is hereby **GIVEN NOTICE** that, as of the date his letter was originally docketed, October 11, 2013, it was not too late to file a § 2255 motion challenging his drug-trafficking convictions and 300-month sentence in No. 3:09-00186.

(3) In light of the extraordinary circumstances of this case and Mr. Arellano's diligence in pursuing his rights, the court finds that the statutory deadline for filing a § 2255 motion in 3:09-00186 should be and **IS HEREBY EQUITABLY TOLLED** beginning on October 11, 2013, the date of the order erroneously notifying Mr. Arellano that the time for filing a § 2255 motion had likely expired, until the date this order is entered on the docket. The new deadline for filing a § 2255 motion in 3:09-00186 is therefore **EXTENDED** commensurately.

(4) Also in light of the unusual circumstances in this case and Mr. Arellano's limited ability to communicate in English, the Federal Public Defender is **DIRECTED** to appoint new counsel for the movant, who shall promptly confer with Mr. Arellano and file a § 2255 motion on his behalf in 3:09-00186, raising whatever issues counsel believes may be raised in good faith.

(5) The Clerk is **DIRECTED** to docket the Objection filed by Mr. Arellano in 3:09-00284, in 3:14-cv-0111 as well.

(6) This Objection, which the court construes as a Rule 59 or Rule 60 motion, is **GRANTED** as follows: The order entered on January 17, 2014 (No. 3:09-00284, ECF No. 61; No. 3:14-cv-00111, ECF No. 2), construing Mr. Arellano's December 23, 2013 "Notice of Fraud" (No. 3:09-00284, ECF No. 60; No. 3:14-cv-00111, ECF No. 1) as a § 2255 motion in case no. 3:09-00284 is **VACATED**. In its stead, the court hereby **GIVES NOTICE** to Mr. Arellano of its intent to construe and recharacterize the Notice of Fraud as a § 2255 motion

challenging the conviction and sentence in case no. 3:09-00284 and that the recharacterization will mean that any subsequent § 2255 motions in that case will be subject to the law's restrictions on "second or successive" motions. In any event, as the court has already indicated, a § 2255 motion in 3:09-00284 will be barred by the statute of limitations unless the movant provides some basis for statutory or equitable tolling of the limitations period. Unless Mr. Arellano withdraws or amends the "Notice of Fraud" within **21 days** of the date this order is docketed, the court will reinstate the prior order denying the motion as an untimely § 2255 motion in 3:09-00284.

(7) Any future filing by Mr. Arellano **MUST** clearly state the appropriate docket number on its face: Case No. **3:09-00186** if the filing pertains to the drug-trafficking conviction that resulted in the 300-month sentence; Case No. **3:09-00284** if the filing pertains to the case in which Mr. Arellano pleaded guilty to being a felon in possession of a firearm and a previously deported felon; Case No. **3:14-cv-0111** if the filing pertains to the Notice of Fraud which the court has provisionally construed as a § 2255 motion challenging the conviction in 3:09-00284.

If Mr. Arellano files a new § 2255 motion challenging his conviction and sentence in 3:09-00186, it will, of course, be docketed as a new civil action, but it should clearly indicate on its face which conviction it challenges.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge